UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORY A. PERKINS, | Case No. 3:16CV627 |
| Petitioner, | JUDGE JAMES S. GWIN[1] |
| v. | Magistrate Judge George J. Limbert |
| NEIL TURNER, | |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On March 1, 2016, Cory A. Perkins ("Petitioner"), acting *pro se*, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief from convictions entered by the Hancock County Court of Common Pleas, Ohio for three counts of rape in violation of Ohio Revised Code ("ORC") § 2907.02(A)(2).  ECF Dkt. #1.

On May 17, 2016, Respondent Neil Turner ("Respondent"), Warden at the North Central Correctional Institution, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition as untimely.  ECF Dkt. #6.

For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, without prejudice:

**I.      PROCEDURAL BACKGROUND**

The undersigned notes that Respondent has filed only two Supreme Court of Ohio exhibits to the instant motion to dismiss, referring the Court instead to the exhibits filed in Petitioner's prior federal habeas corpus petition in this court in Case Number 3:14cv2572.  In the instant § 2254 federal habeas corpus petition, Petitioner challenges the same judgment entered by the Hancock County Court of Common Pleas that he challenged in the prior federal habeas corpus action in Case Number 3:14cv2572.  Petitioner also presents in the instant petition nearly

---

[1] The undersigned notes that Respondent's case caption in his motion to dismiss identifies the District Court Judge in this case as "Judge Dan Aaron Gwin."  ECF Dkt. #6.

the same grounds for relief that he presented in the prior federal habeas corpus petition, which was dismissed for his failure to exhaust his remedies in the state courts.[2] The undersigned therefore refers to the exhibits attached to Respondent Michelle Miller's return of writ filed in Petitioner's prior federal habeas corpus action. ECF Dkt. #11 in Case Number 3:14cv2572.

### A. State Trial Court

Petitioner was indicted in the January 2012 Term of the Hancock County Court of Common Pleas grand jury on three counts of rape in violation of O.R.C. § 2907.02(A)(2). ECF Dkt .#11-1 at 1-3 in Case Number 3:14cv2572. On August 2, 2012, the State of Ohio filed a motion in limine moving the court to prohibit counsel, Petitioner, or any of Petitioner's witnesses from using or mentioning the victim's sexual activity with anyone other than Petitioner on the day of the offense in accord with Ohio's Rape Shield Law, ORC § 2907.02(D) and (E). *Id.* at 6-8. The State of Ohio also filed a notice of its intent to use other acts evidence for the purpose of identification of Petitioner in accordance with Rule 404(B) of the Ohio Rules of Evidence. *Id.* at 9-10. The trial court heard arguments and the parties reached a stipulation as to using no specific instances, opinion evidence, or negative reputation evidence concerning the victim's sexual activity. *Id.* at 11-12. As to other acts evidence, the trial court heard argument and indicated that the State of Ohio could use other acts evidence to establish the identity of Petitioner. *Id.*

---

[2] In the prior federal habeas corpus action, Petitioner had filed a motion to stay or dismiss/withdraw his federal habeas corpus petition on June 19, 2015, as he acknowledged that he had not properly exhausted his state court remedies before executing his federal habeas petition. ECF Dkt. #15 in Case Number 3:14cv2572. Petitioner requested that the Court either stay the proceedings or dismiss or withdraw the federal habeas corpus petition so that he could pursue his state court remedies. *Id.* at 3. Respondent Michelle Miller filed a brief in opposition to the motion to stay. ECF Dkt. #16 in Case Number 3:14cv2572. On June 26, 2015, the undersigned issued a Report and Recommendation to Judge Gwin, recommending that the Court deny Petitioner's motion to stay his federal habeas corpus petition, but grant the motion to dismiss the case without prejudice due to Petitioner's failure to exhaust his state court remedies. ECF Dkt. #17 in Case Number 3:14cv2572. The undersigned cautioned Petitioner, however, that the statute of limitations may impact his future ability to bring the grounds for relief that he was asserting in his federal habeas corpus petition. *Id.* at 3.

On July 17, 2015, Judge Gwin adopted the undersigned's Report and Recommendation, denying Petitioner's motion to stay his federal habeas corpus petition, but granting Petitioner's motion to dismiss the petition without prejudice. ECF Dkt. #18 in Case Number 3:14cv2572.

The case proceeded to trial and on October 25, 2012, the jury returned verdicts of guilty on all three rape charges. ECF Dkt. #11-1 at 13-20 in Case Number 3:14cv2572. On January 11, 2013, the trial court sentenced Petitioner to consecutive seven-year sentences on each rape conviction. *Id.* at 21-26.

### B. <u>Direct Appeal</u>

On January 22, 2013, Petitioner, through counsel, filed a notice of appeal to the Third District Court of Appeals. ECF Dkt. #11-1 at 27 in Case Number 3:14cv2572. Petitioner raised the following assignments of error in his appellate brief:

1. Perkins' right to remain silent and be represented by Counsel as guaranteed by the Constitution was violated when the state's law enforcement witness repeatedly testified that Perkins invoked those rights after being Mirandized during a custodial interview. His right to due process was likewise violated by this disclosure.

2. The trial court abused its discretion by granting the state's motin[sic] to use Evid. R. 404(b) evidence. Specifically, that the jury was permitted to repeatedly be advised that Perkins was on bond for another criminal case when the events charged in this case occurred. The bond was for a burglary case, and was supposed to be used for identity even though identity was not in issue. Further, the jury was incorrectly told Perkins had prior convictions and was on probation.

3. The state failed to prove venue, which is a critical evidentiary requirement. Perkins' convictions were legally based upon insufficient evidence and his Rule 29 motion should have been granted.

4. The trial court abused its discretion by improperly applying the rape shield law to prevent Perkins from offering medical evidence that his serious heart condition greatly limits his ability to engage in the physical activities alleged.

5. Perkins' trial counsel provided ineffective assistance of counsel in violation of the United States Constitution, Sixth Amendment.

6. The prosecutor engaged in persistent, pervasive and intentional misconduct, often taking advantage of Perkins' ineffective counsel by testifying to the jury and using extrinsic hearsay character evidence to impeach Perkins even though he did not testify.

*Id.* at 35-74. The State filed its appellate brief and on March 3, 2014, the Ohio appellate court issued an opinion overruling each assignment of error and affirming the judgment of the trial court. *Id.* at 89–132, 133-179.

### C. Supreme Court of Ohio

On May 27, 2014, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court. ECF Dkt. #11-1 at 180-189 in Case Number 3:14cv2572. On July 9, 2014, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal. *Id.* at 236.

### D. Rule 26(B) Application to Reopen

On June 11, 2014, Petitioner filed a *pro se* application for reopening of his direct appeal in the Ohio appellate court. ECF Dkt. #11-1 at 237-271 in Case No. 3:14cv2572. Petitioner thereafter filed a motion for leave to supplement his brief. *Id*. at 272-276.

On July 24, 2014, the Third District Court of Appeals denied Petitioner's application and supplement as untimely filed without good cause, improperly filed far in excess of the mandatory page limit, and filed without any genuine issue as to whether Petitioner was deprived of effective counsel. ECF Dkt. #11-1 at 277-278 in Case No. 3:14cv2572.

### E. Writ of Habeas Corpus in Ohio Supreme Court

On October 13, 2015, Petitioner pro se filed a writ of habeas corpus in the Ohio Supreme Court. *See* http: /www.supremecourt.ohio.gov/Clerk/ ecms/#/caseinfo/2015/1661; *see also* ECF Dkt. #6-1 at 1-26 in Case Number 3:16CV627. In this petition, Petitioner moved the Ohio Supreme Court pursuant to ORC § 2725.01, et seq., for a writ of habeas corpus, asserting that he had no other remedy at law in which to raise each of the specific grounds for relief that he presents in this case concerning violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id*. at 1-4.

The Ohio Supreme Court sua sponte dismissed Petitioner's writ of habeas corpus on January 20, 2016. *See* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/1661; *see also* ECF Dkt. #6-1 at 27 in Case Number 3:16CV627.

### F. Prior Federal Habeas Corpus Petition

As indicated *supra*, and in the midst of his state court filings, Petitioner pro se also filed a prior federal habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254 on November 9,

2014. ECF Dkt. #1 in Case Number 3:14CV2572. In that petition, Petitioner alleged the following grounds for relief:

> GROUND ONE:
>
> PERKINS' RIGHT TO REMAIN SILENT AND BE REPRESENTED BY COUNSEL AS GUARANTEED BY THE CONSTITUTION WAS VIOLATED WHEN THE STATE'S LAW ENFORCEMENT WITNESS REPEATEDLY TESTIFIED THAT PERKINS INVOKED THOSE RIGHTS AFTER BEING MIRANDIZED DURING A CUSTODIAL INTERVIEW, HIS RIGHT TO DUE PROCESS WAS LIKEWISE VIOLATED BY THIS DISCLOSURE.
>
> GROUND TWO:
>
> THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE STATE'S MOTION TO USE EVID. R. 404(B) EVIDENCE. SPECIFICALLY, THAT THE JURY WAS PERMITTED TO REPEATEDLY BE ADVISED THAT PERKINS WAS ON BOND FOR ANOTHER CRIMINAL CASE WHEN THE EVENTS CHARGED IN THIS CASE OCCURRED. THE BOND WAS FOR A BURGLARY CASE, AND WAS SUPPOSED TO BE USED FOR IDENTITY EVEN THOUGH IDENTITY WAS NOT IN ISSUE. FURTHER, THE JURY WAS INCORRECTLY TOLD PERKINS HAD PRIOR CONVICTIONS AND WAS ON PROBATION.
>
> GROUND THREE:
>
> THE STATE FAILED TO PROVE VENUE, WHICH IS A CRITICAL EVIDENTIARY REQUIREMENT. PERKINS' CONVICTIONS WERE LEGALLY BASED UPON INSUFFICIENT EVIDENCE WAS HIS RULE 29 MOTION SHOULD HAVE BEEN GRANTED.
>
> GROUND FOUR:
>
> THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY APPLYING THE RAPE SHIELD LAW TO PREVENT PERKINS FROM OFFERING MEDICAL EVIDENCE THAT HIS SERIOUS HEART CONDITION GREATLY LIMITS HIS ABILITY TO ENGAGE IN THE PHYSICAL ACTIVITIES ALLEGED.
>
> GROUND FIVE:
>
> PERKINS' TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE UNITED STATES CONSTITUTION, SIXTH AMENDMENT
>
> GROUND SIX:
>
> THE PROSECUTOR ENGAGED IN PERSISTENT, PERVASIVE AND INTENTIONAL MISCONDUCT, OFTEN TAKING ADVANTAGE OF PERKINS' INEFFECTIVE COUNSEL BY TESTIFYING TO THE JURY AND USING EXTRINSIC HEARSAY CHARACTER EVIDENCE TO IMPEACH PERKINS EVEN THOUGH HE DID NOT TESTIFY.

> GROUND SEVEN:
>
> THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE FINDINGS REQUIRED BY RC § 2929.14(C)(4).
>
> GROUND EIGHT:
>
> THE TRIAL COURT FAILED TO CONSIDER WHETHER ITS SENTENCE UTILIZED THE MINIMUM SANCTIONS NECESSARY TO ACCOMPLISH THE GOALS OF SENTENCING WITHOUT UNNECESSARY BURDENING GOVERNMENTAL RESOURCES.
>
> GROUND NINE:
>
> COUNSEL'S INEFFECTIVE ADVICE LED TO AN OFFER'S REJECTION AND WHERE THE PREJUDICE ALLEGED HAD TO STAND TRIAL AND FACE CONVICTION.
>
> GROUND TEN:
>
> THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO A SENTENCE CONTRARY TO LAW. SPECIFICALLY CONTRARY TO STATUTE RC § 2941.25(A), ALLIED OFFENSES OF SIMILAR IMPORT.
>
> GROUND ELEVEN:
>
> WAS DEFENDANT-APPELLANT PREJUDICED WHEN APPOINTED TRIAL COUNSEL DID NOT OBJECT TO OBVIOUS PREJUDICED AND TAINTED JUROR'S, MADE IN PLAIN ERROR IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENTS?
>
> GROUND TWELVE:
>
> THE JURY VERDICT FORMS WERE NOT SIGNED BY ANY OF THE JURORS AND THEREFORE ARE NOT SUFFICIENT TO CONVICT THE DEFENDANT NOR DID THE JURY VERDICT FORMS CONTAIN ANY LESSER-INCLUDED OFFENSES.

*Id.* Also, as indicated *supra*, Petitioner filed a motion to stay or dismiss/withdraw his federal habeas corpus petition on June 19, 2015 because he had not exhausted his state court remedies before executing his federal habeas petition. ECF Dkt. #15 in Case Number 3:14cv2572. Respondent Michelle Miller filed a brief in opposition to the motion to stay. ECF Dkt. #16 in Case Number 3:14cv2572. On June 26, 2015, the undersigned issued a Report and Recommendation recommending that the Court deny Petitioner's motion to stay his federal habeas corpus petition, but grant his request to dismiss the case without prejudice due to Petitioner's failure to exhaust his state court remedies. ECF Dkt. #17 in Case Number 3:14cv2572. The undersigned cautioned Petitioner

that the statute of limitations may impact his future ability to bring the grounds for relief that he was asserting in his federal habeas corpus petition. *Id*. at 3.

On July 17, 2015, Judge Gwin adopted the undersigned's Report and Recommendation, denying Petitioner's motion to stay his federal habeas corpus petition, but granting Petitioner's request to dismiss the petition without prejudice. ECF Dkt. #18 in Case Number 3:14cv2572.

## II.     FEDERAL HABEAS CORPUS PETITION

Petitioner is now before this Court, on the instant petition filed on March 1, 2016, seeking a writ of federal habeas corpus pursuant to 28 U.S.C. Section 2254. ECF Dkt. #1 in Case Number 3:16cv627. He asserts the following grounds for relief:

> GROUND ONE:
>
>> PETITIONER'S FIFTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION OF THE RIGHT TO REMAIN SILENT WAS VIOLATED WHEN THE PROSECUTION CALLED WITNESSES TO TESTIFIED[sic] THAT THE PETITIONER HAD INVOKED HIS RIGHTS TO REMAIN SILENT UNDER MIRANDA V. ARIZON[sic] 384 U.S. 436, 86 S.CT. 1602 IN CONTRA TO DOYLE V. OHIO 426 U.S. 610, 96 S.CT 2240.
>
> GROUND TWO:
>
>> THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE PROSECUTION TO USE EVIDENCE PURSUANT TO EVIDENCE RULE 404(B) AND REPEATEDLY ADVISE THE JURY THAT PETITIONER WAS ON BOND FOR ANOTHER CRIMINAL ACTION THEREBY VIOLATING PETITIONER'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS OF LAW.
>
> GROUND THREE:
>
>> PETITIONER'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS OF LAW WAS VIOLATED WHEN THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT CONVICTION IN VIOLATION TO JACKSON V. VIRGINIA, 443 US. 307, 99 S.CT. 2781.
>
> GROUND FOUR:
>
>> PETITIONER'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS OF LAW WAS VIOLATED WHEN THE TRIAL COURT IMPROPERLY APPLIED THE RAPE SHIELD LAW AND DID NOT ALLOW PETITIONER PRESENT EXCULPATORY EVIDENCE IN PETITIONER'S DEFENSE.

> GROUND FIVE:
>
>> PETITIONER'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS VIOLATED PURSUANT TO STRICKLAND V. WASHINGTON, 104 S.CT. 2051.
>
> GROUND SIX:
>
>> PETITIONER's FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED WHEN THE PROSECUTION ENGAGED IN PERSISTANT[sic] AND INTENTIONAL MISCONDUCT, BY TESTIFYING AS WELL AS USING HEARSAY EVIDENCE TO IMPEACH PETITIONER WHEN HE DID NOT IN FACT TESTIFY IN CONTRA TO MACIAS V. MARKOWSKI, 291 F.3D 447 AND UNITED STATES V. CARROL, 26 F3D 1380.
>
> GROUND SEVEN:
>
>> THE TRIAL COURT VIOLATED THE PETITIONER'S UNITED STATES FOURTEENTH AMENDMENT RIGHT WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES WITHOUT MAKING THE PROPER FINDINGS IN CONTRA TO BLAKELY V. WASHINGTON 124 S.CT. 2531.
>
> GROUND EIGHT:
>
>> THE PETITIONER'S UNITED STATES FIFTH AMENDMENT RIGHT AGAINST DOUBLE JEOPARDY WAS VIOLATED WHEN THE TRIAL COURT FAILED TO HOLD A HEARING IN CONTRA TO THE FOURTEENTH AMENDMENT TO DETERMINE ALLIED OFFENSES IN THIS CASE.

*Id*. On May 17, 2016, Respondent filed the instant motion to dismiss Petitioner's federal habeas corpus petition based upon its untimely filing and unexhausted and/or procedurally defaulted grounds for relief. ECF Dkt. #6. On June 10, 2016, Petitioner filed a motion for an extension of time within which to file a "traverse." ECF Dkt. #7. In his motion, Petitioner alleged that he had "filed a timely petition for writ of habeas corpus" and he indicated that Respondent had filed a motion on May 17, 2016, but he characterized Respondent's filing as a "motion in opposition." *Id*. at 2. The undersigned granted Petitioner's motion for an extension of time and ordered him to file his brief by July 18, 2016.

On August 18, 2016, after some difficulty with the United States Mail which was not Petitioner's fault, Petitioner filed a traverse. ECF Dkt. #8. Petitioner indicated in his "traverse" that Respondent had filed a "answer" on March 4, 2016. *Id*. While the "traverse" addressed the issues of exhaustion and procedural default, no argument or discussion was had concerning the alleged

untimely filing of the instant federal habeas corpus petition presented by Respondent in the motion to dismiss.

### III.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

-9-

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**IV.   ANALYSIS**

   **A.   AEDPA STATUTE OF LIMITATIONS**

In asserting that Petitioner has untimely filed his instant federal habeas corpus petition, Respondent correctly begins his calculation of time by first pointing out that Petitioner had 45 days

in which to file a direct appeal to the Ohio Supreme Court from the March 3, 2014 appellate court's affirmance of his conviction, but he did not do so. *See* Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i); ECF Dkt. #6 at 20, citing ECF Dkt. #11-1 at 133-179 in Case Number 3:14cv2572. Rather, Petitioner's first filing with the Ohio Supreme Court was a notice of appeal and a motion for delayed appeal filed on May 27, 2014, some 45 days after the date the notice of appeal was due, which was on April 17, 2014. ECF Dkt. #11-1 at 183.

Thus, Petitioner's conviction became final under Section 2244(d)(1)(A) on April 17, 2014, 45 days after the Third District Court of Appeals issued its Opinion and Judgment Entry because Petitioner did not seek further review in the Ohio Supreme Court within this 45-day period. ECF Dkt. #11-1 at 183 in Case Number 3:14cv2572; *Griffin v. Kentucky*, 479 U.S. 314, 321, n. 6; *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002). Thus, the AEDPA statute of limitations began running on April 18, 2014, the day after the appellate court judgment became final. *See Keeling v. Warden, Lebanon Correct'l Inst.*, 673 F.3d 452, 460 (6th Cir. 2012), quoting Fed. R. Civ. P. 6(a)(1) ("in computing any time period...exclude the day of the event that triggers the period."). Thus, Petitioner had one year from that date, or until April 18, 2015, barring any tolling of the statute of limitations, in which to file his federal habeas corpus petition.

Between April 18, 2014 until May 27, 2014, the day that Petitioner filed his motion for delayed appeal to the Ohio Supreme Court, there were no filings. Thus, 39 days ticked off of the AEDPA one-year statute of limitations. The time between May 27, 2014 and July 9, 2014 was tolled as this was the time pending from the date that Petitioner filed his motion for delayed appeal to the Ohio Supreme Court and the time when the Ohio Supreme Court denied the motion for delayed appeal. ECF Dkt. #11-1 at 183-236 in Case Number 3:14cv2572.

Further, Petitioner had filed during this same time period his Rule 26(B) application with the Ohio appellate court on June 11, 2014 and the court did not deny the application until July 24, 2014. ECF Dkt. #11-1 at 237-278. However, that action and its pendency does not toll the running of the AEDPA statute of limitations because the Ohio appellate court dismissed the petition as untimely under Rule 26(B) and otherwise found it not properly filed because the application far exceeded the mandatory 10-page limit of Rule 26(B)(4) of the Ohio Rules of Appellate Procedure. *Id.* An

-11-

application for state post-conviction relief tolls the statute of limitations only when it is "properly filed," 28 U.S.C. § 2244(d) (2), or "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning ... applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir.2001). Because the state court rejected the petition as untimely, "it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *see also Starner v. Jenkins*, No. 15-CV-1841, 2016 WL 4135999, at *2 (N.D. Ohio Aug. 4, 2016)(Rule 26(B) application filed untimely was not "properly filed" for AEDPA tolling purposes), citing *Vroman*, 346 F.3d at 602. Thus, the pendency of this filing did not serve to toll the running of the AEDPA statute of limitations.

Petitioner's next filing after the Ohio appellate court's denial of his Rule 26(B) application was his first federal habeas corpus petition. ECF Dkt. #1 in Case Number 3:14cv2572. However, this federal habeas corpus petition does not toll the AEDPA statute of limitations for the instant federal habeas corpus petition because an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of the tolling provision of the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 172, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Accordingly, the AEDPA one-year statute of limitations ran for 39 days, from April 18, 2014 until May 27, 2014, the day that Petitioner filed his motion for delayed appeal to the Ohio Supreme Court, since there were no filings during this period. The time between May 27, 2014 and July 9, 2014 was tolled as this was the time pending from the date that Petitioner filed his motion for delayed appeal to the Ohio Supreme Court to the time when the Ohio Supreme Court denied the motion for delayed appeal. ECF Dkt. #11-1 at 183-236 in Case Number 3:14cv2572. The time from Petitioner's filing of his Rule 26(B) application on June 11, 2014 to the Ohio appellate court's denial of the application on July 24, 2014 was not tolled because it was untimely and otherwise not properly filed, but some of this time was nevertheless tolled as it was encompassed in the filing of the motion for delayed appeal to the Ohio Supreme Court until the Ohio Supreme Court issued its decision on July 9, 2014. Another 135 days from the AEDPA clock ran, from July 10, 2014, the day after the Ohio Supreme Court denied the motion for delayed appeal, to Petitioner's next filing for consideration, which was on November 9, 2014 when he filed his first federal habeas corpus

petition. At this point a total of 174 days had ticked off of the one-year AEDPA statute of limitations for filing the instant federal habeas corpus petition (39 days + 135 days) and thus 191 days remained in which Petitioner could filed his federal habeas corpus petition. The filing of the first federal habeas corpus petition did not serve to toll the AEDPA statute of limitations for the instant federal habeas corpus petition, so the statute kept running until Petitioner executed the instant federal habeas corpus petition on March 1, 2016. ECF Dkt. #1 in Case Number 3:16cv627. From July 10, 2014 through February 29, 2016, the day before Petitioner filed the instant federal habeas corpus petition, the AEDPA statute of limitations continued to run, resulting in another 238 days running from the statute, on top of the 174 days that had already run. By this time, Petitioner was well beyond the one-year AEDPA statute of limitations.

For these reasons, the undersigned recommends that the Court find that the instant federal habeas corpus petition is untimely filed.

### B. EQUITABLE TOLLING

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* __U.S. __, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

Here, Petitioner has offered no argument in favor of equitable tolling. Moreover, the undersigned warned Petitioner in his first federal habeas corpus petition that the statute of limitations may impact his future ability to bring the grounds for relief presented in his first federal habeas corpus petition when he moved to dismiss his petition in order to exhaust claims in the state courts. ECF Dkt. #17 at 3 in Case Number 3:14cv2572. Petitioner thereafter filed a writ of habeas corpus

in the Ohio Supreme Court, some three months after the Court granted his request to dismiss his first federal habeas corpus petition. *Compare* ECF Dkt. #18 in Case Number 4:14cv2572 with ECF Dkt. #6-1 at 1-26 in Case Number 3:16CV627. Petitioner chose to try to file claims in the Ohio Supreme Court that should have been brought on direct appeal and brought them in a state habeas petition that has a restrictive standard of review. The Ohio Supreme Court issued its judgment sua sponte dismissing the habeas corpus petition on January 20, 2016 and Petitioner then filed the instant federal habeas corpus petition on March 1, 2016. In addition, Petitioner filed his first federal habeas corpus petition on November 9, 2014 and waited until June 19, 2015, nearly six months after he filed, before he asserted that he did not properly exhaust his grounds for relief in the state courts. *See* ECF Dkt. #1 at 27 and ECF Dkt. #15 in Case Number #3:14cv2572. For these reasons, the undersigned recommends that the Court find that Petitioner has not been diligent in pursuing his rights.

While he does not assert ineffective assistance of counsel for equitable tolling purposes, Petitioner did raise ineffectiveness of state appellate counsel in his delayed filing before the Supreme Court of Ohio. ECF Dkt. #11-1 at 184 in Case Number 3:14cv2572. He asserted that appellate counsel failed to inform him of the Ohio appellate court's decision and failed to file an appeal to the Ohio Supreme Court as he directed counsel. *Id.*

The Sixth Circuit has held that "[b]oth ineffective assistance of counsel and 'a substantial, involuntary delay in learning about the status of their appeals' may constitute extraordinary circumstances sufficient to warrant relief" for federal habeas corpus review purposes. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir.2012), quoting *Robinson*, 424 Fed. App'x at 442. However, the AEDPA statute of limitations will be tolled only if the circumstances were beyond the control of the litigant and were also unavoidable with reasonable diligence. *Id.* The Sixth Circuit has declined to apply equitable tolling where the petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered on his appeal where he sat on his rights and failed to diligently monitor the status of his appeal. *Id.*, citing *Winkfield v. Bagley*, 66 Fed. App'x 578, 583584 (6th Cir.2003); *Elliott v. Dewitt*, 10 Fed. App'x 311, 312–313. "[P]etitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson,* 424 Fed. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir.2002)). The Sixth Circuit has held that even if "attorney

-14-

misconduct and delayed notification constituted an extraordinary circumstance for Petitioner, the district court did not err when it denied Petitioner's request for equitable tolling because Petitioner, 'acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Robinson*, 424 Fed. App'x at 443, quoting *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir.2010); cf. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

In the instant case, the record shows that the Ohio appellate court issued its decision on March 3, 2014. ECF Dkt. # 11-1 at 133 in Case Number 3:14cv2572.  Petitioner did not file a motion for delayed appeal in the Supreme Court of Ohio until May 27, 2014, some 45 days after the Ohio appellate court's decision. *Id.* at 11-1 at 180.  He then waited another seven months before he filed his first federal habeas corpus petition, opting instead to file a Rule 26(B) petition in the Ohio appellate court that did not comply with the Ohio Rules of Appellate Procedure.  ECF Dkt. #1 in Case Number 3:14cv2572; ECF Dkt. #11-1 at 237 in Case Number 3:14cv2572.  Further, upon filing his first federal habeas corpus petition, Petitioner waited another five and a half months before realizing that he had failed to exhaust state remedies.  These instances lead the undersigned to recommend that the Court find that Petitioner does not present an extraordinary circumstance that prevented him from filing a timely federal habeas corpus petition.

### C.  **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513

U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

Here, Petitioner has offered no argument or evidence in support of an argument that he is actually innocent of the offenses for which he was convicted. Nor does the record support an actual innocence exception. For this reason, the undersigned recommends that the Court find that the actual innocence exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

## V.     CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's instant federal habeas corpus petition as untimely filed. ECF Dkt. #6.


Date: November 3, 2016            */s/George J. Limbert*
                                  GEORGE J. LIMBERT
                                  UNITED STATES MAGISTRATE JUDGE



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).