UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                        :
CORY A. PERKINS,                    :        Case No. 16-CV-627
                                                        :
                   Petitioner,           :
                                                        :
        vs.                                      :        OPINION & ORDER
                                                        :        [Resolving Doc. Nos. 1, 6, 8, 9, 10]
NEIL TURNER,                           :
                                                        :
                   Respondent.        :
                                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Petitioner Cory Perkins seeks a writ of habeas corpus under 28 U.S.C. § 2254 to vacate

his conviction on three counts of rape.[1]  On November 3, 2016, Magistrate Judge George L.

Limbert recommended that this Court dismiss Perkins' habeas corpus petition.[2]  Petitioner

objected to the Magistrate's Report and Recommendation ("R&R").[3]

        This Court agrees with the Magistrate that Perkins' petition is time-barred. Therefore, the

Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES** Perkins' habeas corpus petition, and

**GRANTS** Respondent's motion to dismiss.

## I. Background

        This matter turns on whether the statute of limitations bars Petitioner Perkins federal

habeas petition.

---

[1] 16-cv-627 Doc. 1. A substantial portion of this case's record is available in case number 14-cv-2572's docket. Therefore, the Court identifies each document it references by case number.
[2] 16-cv-627 Doc. 9.
[3] 16-cv-627 Doc. 10.

Case No. 16-cv-627
Gwin, J.

On January 11, 2013, a trial court sentenced Petitioner Perkins to an aggregate term of 21 years' incarceration for rape.[4]  Subsequently, the Petitioner filed a series of motions and appeals in Ohio state courts.[5]  The Ohio courts denied these motions.[6]

On November 9, 2014, Petitioner filed a federal habeas petition.[7] After realizing he had not exhausted his claim, Perkins received permission to dismiss his federal habeas petition without prejudice.[8]

Petitioner Perkins then filed the instant federal habeas petition on March 1, 2016,[9] and Respondent Turner moved for its dismissal.[10]  Magistrate Judge George L. Limbert recommended that this Court dismiss Petitioner Perkins' petition as time-barred.[11]  Petitioner objects to the R&R.[12]

## II. Legal Standard

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for seeking federal habeas relief from a state court judgment.[13]  The limitation period begins to run on the date the judgment becomes final "by conclusion of direct review or the expiration of the time for seeking such review."[14]  The limitation period may be statutorily or equitably tolled.

---

[4] 14-cv-2572 Doc. 11-1 at 21-26.
[5] *Id.* at 27, 89, 180, 237; 16-cv-627 Doc. 6-1 at 1.
[6] 14-cv-2572 Doc. 11-1 at 133, 236, 277; 16-cv-627 Doc. 6-1 at 27.
[7] 14-cv-2572 Doc. 1.
[8] 14-cv-2572 Doc. 18.
[9] 16-cv-627 Doc. 1 at 21.
[10] 16-cv-627  Doc. 6.
[11] 16-cv-627 Doc. 9.
[12] 16-cv-627 Doc. 10.
[13] 28 U.S.C. § 2244(d).
[14] *Id.,* § 2244(d)(1)(A).

Case No. 16-cv-627
Gwin, J.

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of an R&R to which the parties have made an objection.[15]  The parties must raise specific objections to the R&R because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[16]

## III. Analysis

Perkins makes two objections to the R&R.  First, he says that his habeas petition is timely.[17] Alternatively, he argues he received ineffective assistance of counsel, so this Court should excuse the statute of limitations violation.[18] Both arguments lose.

### A.  *Perkins' habeas petition is time-barred*

Perkins failed to file his petition before AEDPA's one-year statute of limitations expired.

The statute of limitations began to run on April 18, 2014.[19]  The clock paused on May 27, 2014, when the Petitioner filed his notice of appeal to the Ohio Supreme Court.[20]  The clock resumed on July 10, 2014, the day after the Ohio Supreme Court rejected Petitioner's appeal,[21] and ran until March 1, 2016—the day Perkins filed this instant petition.[22]  In total, 639 days ticked off the clock. Consequently, AEDPA's one-year statute of limitations bars Perkins' petition for habeas relief.

---

[15] *Id.*, § 636(b)(1).
[16] *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).
[17] 16-cv-627 Doc. 10 at 2.
[18] *Id.*
[19] The limitation period under § 2244(d) does not begin to run until "the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1).  Petitioner's notice of appeal to the Ohio Supreme Court was due 45 days after the appeals court affirmed his conviction on March 3, 2014. 14-cv-2572 Doc. 11-1 at 133; Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i). Therefore, the AEDPA clock started running on April 18, 2014, the day after the 45 days expired.
[20] 14-cv-2572 Doc. 11-1 at 183.
[21] *Id.* at 236.
[22] 16-cv-627 Doc. 1 at 21.

Case No. 16-cv-627
Gwin, J.

Perkins says that the statute of limitations tolled when he filed his state habeas motion on June 11, 2014.[23]  State habeas motions only toll the AEDPA statute of limitations when they are "properly filed."[24]  Here, the Ohio Appellate court expressly found Perkins' Rule 26(B) appeal "not properly filed."[25]

Finally, Perkins also filed a federal habeas petition in 2014,[26] which this Court dismissed without prejudice.[27]  This filing predated the instant petition and did not toll the statute of limitations.[28] Petitioner Perkins' instant federal habeas petition is time-barred.

### B.  *Perkins' ineffective assistance of counsel argument loses*

Perkins asks this Court to excuse his procedural default because he received ineffective assistance of counsel.[29] He alleges his attorney failed to notify him when the Third District Court of Appeals of Ohio denied his appeal. Perkins says his attorney's failure caused him to delay filing his appeal with the Ohio Supreme Court.

First, this Court agrees with the Magistrate Judge that the Petitioner failed to adequately show he is entitled to equitable tolling.[30] Second,  even accepting Perkins' version of events, the

---

[23] 16-cv-627 Doc. 10 at 4; 14-cv-2572 Doc. 11-1 at 237.
[24] 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[25] 14-cv-2572 Doc. 11-1 at 277.  The Court found Perkins' petition untimely and "far exceed[ing]" the page limit. *Id.*
[26] 14-cv-2572 Doc. 1.
[27] 14-cv-2572 Doc. 18.
[28] *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
[29] 16-cv-627 Doc. 10 at 2-3.
[30] 16-cv-627 Doc. 9 at 14-15. A habeas petitioner bears the burden of demonstrating he is entitled to equitable tolling.  *See, e.g.*, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Here, Perkins did not satisfy his burden.

Case No. 16-cv-627
Gwin, J.

delay only accounted for 39 of the 639 days that elapsed before the Petitioner filed this habeas

petition.  AEDPA has a one-year statute of limitations.

Perkins' claim of ineffective assistance of counsel fails.


### III. Conclusion

For the reasons stated in this opinion, the Court **ADOPTS** the Magistrate Judge's R&R,

**DISMISSES** Perkins' habeas corpus petition, and **GRANTS** Respondent's motion to dismiss.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis on which to issue a certificate of

appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253.


IT IS SO ORDERED.



Dated:  December 19, 2016                            _s/_____ _James S. Gwin_____
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE